UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITH LUPO WILLIAMS PARTNERS AND ALVENA SMITH LUPO | CIVIL ACTION |
| VERSUS | No. 06-2808 |
| BETH CARTER AND INSURANCE UNDERWRITERS, LTD. | SECTION: I/1 |

### ORDER AND REASONS

The matter before the Court is a motion to remand filed on behalf of plaintiffs, Smith Lupo Williams Partners and Alvena Smith Lupo. For the following reasons, plaintiffs' motion to remand is **GRANTED.**

*BACKGROUND*

Plaintiffs, Smith Lupo Williams Partners and Alvena Smith Lupo, are owners of two commercial buildings in New Orleans, Louisiana. The two buildings, 801-833 Harrison Avenue and 135-149 Robert E. Lee Boulevard, were both damaged by the floodwaters that inundated New Orleans following Hurricane Katrina on August 29, 2005.[1]

In 1994, plaintiffs sought to obtain flood insurance from defendant, Insurance Underwriters, through their insurance agent, defendant Beth Carter.[2] Plaintiffs allege that, when they purchased this flood insurance, Carter assured them that they had purchased the maximum

---

[1] Rec. Doc. No. 1-2, pp. 2-3.

[2] Rec. Doc. No. 1-2, p. 2.

1

amount of flood insurance available.[3]  Plaintiffs contend, however, that further flood insurance was available outside of the federal flood insurance program and that Carter negligently failed to inform them of the availability of this extra insurance.[4]  Plaintiffs state that, had they known about this additional flood insurance, they would have purchased $1,500,000 of coverage on the 135-149 Robert E. Lee Boulevard building and $750,000 on the 801-833 Harrison Avenue property.[5]  Plaintiffs maintain that each year, when they renewed their insurance, they always requested the maximum amount of flood coverage available.[6]

Plaintiffs originally filed this suit against defendants in the Civil District Court for the Parish of Orleans on April 28, 2006, alleging that defendants' negligence and breach of duty caused their inadequate insurance coverage.[7]  Defendants removed the case to federal court on May 25, 2006.[8]  In their notice of removal, defendants state that federal jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 because a federal question exists.  According to defendants, plaintiffs' claim involves an interpretation of a standard flood insurance policy ("SFIP") issued by an independent, "Write-Your-Own" insurance provider ("WYO") as part of its participation in the national flood insurance program ("NFIP").  Defendants contend that, since NFIP claims are exclusively governed by federal law, plaintiffs' claims arising out of the

---

[3] Rec. Doc. No. 1-2, p. 2.

[4] Rec. Doc. No. 1-2, p. 3.

[5] Rec. Doc. No. 1-2, p. 3.

[6] Rec. Doc. No. 1-2, p. 3.

[7] Rec. Doc. No. 1-2, p. 4.

[8] Rec. Doc. No. 1-1.

SFIP are preempted.[9]   Plaintiffs filed the instant motion to remand on June 14, 2006.[10]

*LAW AND ANALYSIS*

**I. Standard of Law**

*A.  Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*B.  Federal Question Jurisdiction*

The original jurisdiction alleged by defendants is federal question jurisdiction--i.e., the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Accordingly, "it is well settled that a cause of action arises under federal law only when

---

[9]Rec. Doc. No. 1-1, p. 4.

[10]Rec. Doc. No. 4.

3

the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

## II. Discussion

Plaintiffs argue that the Court lacks subject matter jurisdiction over this action because their claims arise out of state law and are not preempted by federal law. Plaintiffs contend that courts in this circuit recognize a distinction between those state law claims that concern the "handling" of a flood insurance policy, which are preempted, and those claims that relate to negligence in the procurement of such a policy, which are not preempted. Plaintiffs assert that their claims fall within the latter category and, therefore, are more appropriately before a state court.[11]

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, *et seq.*, and it is administered through the Federal Emergency Management Act ("FEMA"), *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005). The NFIP has two main components: 1) the flood insurance program, and 2) a comprehensive national plan for flood management. *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005). A SFIP can be issued by the private WYOs directly to consumers. *Gowland v. Aetna*,

---

[11]The Supremacy Clause of the United States Constitution provides Congress with the power to preempt a state statute where it conflicts with federal law. U.S. Const. art. VI, cl. 2. The United States Supreme Court, however, has instructed that this preemption should only be effected where it is "the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S. Ct. 1146, 1152, 91 L. Ed. 1447 (1947). A state law may be preempted either by express provision, by implication, or by a conflict between federal and state law. *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 537, 121 S. Ct. 2404, 2412, 156 L. Ed. 2d 34 (2001).

143 F.3d 951, 953 (5th Cir. 1998).  These WYO companies, however, have no power to alter, amend, or waive any provision contained within the SFIP.  44 C.F.R. pt. 61.13(d).  By statute, these WYOs are considered fiscal agents of the United States.  42 U.S.C. § 4071(a)(1).

In *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978), the Fifth Circuit determined that federal law applied to the federal flood insurance program because it was considered a "child of Congress . . . and [because] the federal government participates extensively in the program."  In *Spence v. Omaha Indem. Ins. Co.,* 996 F.2d 793 (5th Cir. 1993), however, the Fifth Circuit first stated that some state law tort claims, based on misrepresentation, would not be preempted.  The court determined that "[w]hile the national policies underlying the NFIP and extensive federal role therein impel our conclusion that federal common law governs claims under flood insurance policies, the same does not apply in actions for tortious misrepresentation against WYO insurers."  *Spence*, 996 F.2d at 796 (footnote omitted).

In *Wright*, the Fifth Circuit addressed some confusion in the lower courts regarding the holdings of *West* and *Spence*, concluding that a reading of *Spence* does not hold that state law tort claims cannot be preempted by the NFIA.  415 F.3d at 389.  Agreeing with the Courts of Appeals for the Third and Sixth Circuits, the *Wright* court found that claims arising from claims "handling"[12] by a WYO are preempted by federal law.  *Id*.  The *Wright* court, however, declined to decide whether all state law tort claims should be preempted.  *Id*.  Since that decision, the Fifth Circuit has not definitively determined whether procurement claims related to a SFIP, specifically those involving the errors and omissions of a WYO, are considered "handling" and, thus, preempted.  *See Cosse v. B.G. Matte*, No. 06-2590, 2006 U.S. Dist. LEXIS 46104, at *3

---

[12]In that case, the *Wright* court found that the adjustment of an insurance claim is considered "handling." 415 F.3d at 390.

(E.D. La. Jul. 7, 2006) (McNamara, J.).

Courts that have faced this issue, however, have held that claims relating to the procurement of a SFIP are not preempted by federal law.  In *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534-35 (E.D. La. 2006) (Fallon, J.), the court found that *Wright* and an earlier modification of the SFIP governing statute[13] do not change the underlying rationale for the handling and procurement distinction, holding that state law should govern when there is a question of policy procurement.  In so ruling, Judge Fallon looked to the distinction between those claims that implicate federal funds and those that do not.  *Id*.  The NFIP is paid out of the federal treasury; therefore, claims arising out of the handling of those policies implicate federal funds and give the federal government a strong interest in having the case heard in federal court.  *Id*.  Those claims relating to the procurement of NFIP policies, however, fall outside the scope of the NFIP program and do not implicate federal funds.[14]

Similarly, the court in *Corliss v. South Carolina Insurance Co.* determined that the plaintiffs' claims related to the procurement of their flood insurance policy did not create a federal question.  No. 03-2944, 2004 U.S. Dist. LEXIS 25664, at *7 (E.D. La. Dec. 14, 2004) (Vance, J.) (citing *Spence* and holding that policy procurement "claims are thus not governed by federal law, but by state law, and they provide no basis for federal question jurisdiction"); *see*

---

[13]In 2000, FEMA revised the SFIP governing statute, 44 C.F.R. pt. 61, App. A(1), art. IX, to state that "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law."  *Wright* declined to decide if the language of the 2000 amendment expressly preempts state law tort claims, although the court did acknowledge that "it can obviously be so argued."  415 F.3d at 392.

[14]Defendants attempt to distinguish *Landry* on its facts.  Rec. Doc. No. 7, p. 4.  Defendants assert that, while the plaintiffs in *Landry* argued that their agent had negligently failed to provide them with any contents coverage pursuant to a SFIP, plaintiffs here only make allegations related to the amount of coverage that they were provided.  Despite defendants' arguments, however, the Court does find that *Landry* suggests the claims in the instant case are related to the procurement of the SFIP, as opposed to its handling.

*also Seruntine v. State Farm Fire & Cas. Co.*, No. 06-1580, slip op. at 6 (E.D. La. Aug. 2, 2006) (Vance, J.) (finding that plaintiffs' claims "all relate to the procurement of flood policies, which the courts of this District have uniformly concluded do not give rise to federal jurisdiction under the [NFIA]"); *Sullivan v. State Farm Fire and Cas. Co.*, No. 06-1677, slip op. at 8-9 (E.D. La. Jul. 26, 2006) (Barbier, J.) (holding that the procurement of a SFIP does "not implicate any substantial federal question"); *Cosse*, 2006 U.S. Dist. LEXIS 46104, at *4-5; *Waltrip v. Brooks Agency, Inc.*, 417 F. Supp. 2d 768, 771 (E.D. Va. 2006).

In response to plaintiffs' motion, defendants first argue that plaintiffs are claiming that they were erroneously told that no additional coverage was available pursuant to their SFIP.[15] Defendants contend that these claims, therefore, require an interpretation of the terms of the SFIP and, therefore, arise under federal law. In their complaint, plaintiffs state that they "did not know and were never told they could purchase additional flood insurance outside the federal flood program."[16] Their claims are related not to the eventual handling of their claim, but to the initial procurement of their policy; no interpretation of the SFIP is implicated.

Plaintiffs do include statements in their complaint alleging that they were not told that the federal flood program had higher limits.[17] Defendants cite these statements to suggest that plaintiffs' claims will require an interpretation of the SFIP. However, as defendants note,[18] and

---

[15]Rec. Doc. No. 7, p. 4.

[16]Rec. Doc. No. 1-2, p. 3.

[17]Rec. Doc. No. 1-2, pp. 3-4.

[18]Rec. Doc. No. 7, p. 3.

7

as plaintiffs admit,[19] the limits of available coverage under the SFIP are set by statute.[20]  There is no dispute as to these limits, and therefore, no interpretation of the SFIP is necessary.

Defendants attempt to analogize to *AAA-R, Inc. v. Bankers Insurance Co.*, No. 03-2802, 2005 U.S. Dist. LEXIS 10329 (E.D. La. May 20, 2005) (Berrigan, J.), a case in which the court applied federal law to a dispute arising out of a SFIP.  Defendants claim that because Judge Berrigan did not discuss the handling/procurement dichotomy in reaching her decision, this case weighs in favor of finding preemption in the instant case.

In *Bankers Insurance*, the plaintiff brought claims against his insurance agent after his claim pursuant to a SFIP was denied by the defendant insurance company.  2005 U.S. Dist LEXIS 10329, at *3-4.  The plaintiffs' allegations, however, concerned the defendant agent's representations to them regarding the filing of their proof of loss.  The facts in *Bankers Insurance* relate to the handling of the SFIP, not its procurement, and citation to that case is unhelpful.

Defendants also argue that the 2000 FEMA amendment to the SFIP governing statute should be interpreted so as to preempt all state law claims, not just those related to claim handling.[21]  As stated above, the 2000 amendment indicates that federal law will apply to the "policy and all disputes arising from the handling of any claim."[22]  Other courts, have considered this language and found it inapplicable to claims relating to SFIP procurement, *see, e.g.*, *Landry*,

---

[19]Rec. Doc. No. 12, p. 2 n.1 ("Plaintiffs are not challenging the maximum amount of flood coverage available under the federal flood program . . . .").

[20]*See* 44 C.F.R. pt. 61.6(a).

[21]Rec. Doc. No. 7, p. 8.

[22]*See supra* note 13.

428 F. Supp. 2d at 535; *Corliss*, 2004 U.S. Dist. LEXIS 25664, at *8, and this Court concurs.

Defendants also cite to language from FEMA expounding on the 2000 amendment. Defendants quote FEMA's statement that the amendment was meant to "emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law." 65 Fed. Reg. 34824, 34827. Defendants omit, however, an earlier sentence, which reiterates that the purpose behind the 2000 amendment was "the need for uniformity in the interpretation of and standards applicable to" flood insurance. *Id.* at 34825-27. This language does not suggest any attempt by FEMA to federalize state law negligence claims that relate to the procurement of SFIPs. On the contrary, the agency's reference to "claims handling" and its focus on the "interpretation" of flood insurance supports the continued application of the claims handling/procurement distinction.

Defendants next contend that federal funds are indirectly implicated in plaintiffs' claim because such claims may make it more difficult for insurers to offer flood policies if they are subject to claims in state court.[23] This Court, though, does not find this logic compelling and finds no reason to depart from the well-reasoned approach taken by other courts. The NFIP specifically provides that "if there is negligence by the agent, FEMA will not reimburse any costs incurred due to that negligence." 44 C.F.R. pt. 62, App. A, art. IX; *see also Landry*, 428 F. Supp. 2d at 535; *Waltrip*, 417 F. Supp. 2d at 771. The NFIA does not permit federal funds to be used to reimburse WYO insurers for liability arising outside the scope of the Act. The Court does not find that its decision today will create any additional cost for WYOs acting within the

---

[23]Rec. Doc. No. 7, p. 9

9

scope of their authority, and it is not the role of the federal courts to provide a haven for WYOs facing state court liability for negligent actions outside of the scope of their authority.

### III. Request for Attorneys' Fees

In their memorandum in support of their motion to remand, plaintiffs request attorneys' fees and costs for defendants' improper removal.[24]  Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).  This Court exercises its discretion not to grant plaintiffs' request for attorneys' fees and costs.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs, Smith Lupo Williams Partners and Alvena Smith Lupo,[25] is **GRANTED** and the case is **REMANDED** to the Orleans Parish Civil District Court.

New Orleans, Louisiana, August __31st__, 2006.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] Rec. Doc. No. 4, p. 10.

[25] Rec. Doc. No. 4.